UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ARMENIAN ASSEMBLY OF AMERICA, INC. and THE ARMENIAN GENOCIDE MUSEUM AND MEMORIAL, INC., <br><br>                Plaintiffs, <br><br>v. <br><br>GERARD L. CAFESJIAN *et al.*, <br><br>                Defendants. <br><br>GERARD L. CAFESJIAN, JOHN J. WATERS, JR., THE CAFESJIAN FAMILY FOUNDATION, INC., and THE TOMKAT LIMITED PARTNERSHIP, <br><br>                Counterclaim Plaintiffs, <br><br>v. <br><br>THE ARMENIAN ASSEMBLY OF AMERICA, INC., THE ARMENIAN GENOCIDE MUSEUM AND MEMORIAL, INC., and HIRAIR HOVNANIAN, <br><br>                Counterclaim Defendants. | Civil File No. 08-255 (CKK) |

**PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants in Counterclaims, Hirair Hovnanian ("Hovnanian"), the Armenian Assembly of America, Inc. ("the Assembly"), and the Armenian Genocide Museum & Memorial, Inc. ("AGM&M") (hereinafter collectively referred to as "Plaintiffs"[1]), through their counsel, respectfully move this Court for an Order dismissing John J. Waters ("Waters"), Gerard L. Cafesjian ("Cafesjian"), The Cafesjian Family Foundation

---

[1] Although Hovnanian is not a Plaintiff to the original Complaint, the Defendants in Counterclaims are referred to herein as Plaintiffs for the sake of clarity.

("CFF"), and TomKat LP's ("TomKat") (hereinafter collectively "Defendants") Counterclaims ("the Counterclaims") for unjust enrichment, constructive trust, and defamation (Counts VI, VII, VIII, and IX of the Counterclaims). Plaintiffs respectfully request that the Court dismiss Defendants' Counterclaims for unjust enrichment, constructive trust, and defamation, with prejudice, because (1) Defendants' claims for unjust enrichment and constructive trust are barred by the existence of a Grant Agreement and Transfer Agreement executed by and between CFF, Cafesjian, Waters, the Assembly and AGM&M, which provides Defendants with an adequate remedy at law; and (2) Defendants' claims for defamation fail to identify any third parties to which the allegedly defamatory statement was published, assert allegedly defamatory statements that are either privileged or non-defamatory opinion, and assert allegedly defamatory statements that, on their face, are not reasonably capable of a defamatory meaning. In support of their Motion, Plaintiffs rely on the accompanying Memorandum of Law In Support of Plaintiffs' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed herewith.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) dismiss Defendants' Counterclaims for unjust enrichment, constructive trust, and defamation (Counts VI, VII, VIII, and IX), with prejudice, on the basis that Defendants' Counterclaims for unjust enrichment, constructive trust, and defamation fail to state claims on which relief can be granted; and (2) grant such other relief as the Court deems just and necessary.

Respectfully submitted,

Dated: August 15, 2008

**K&L GATES LLP**

By: _____
David T. Case (D.C. Bar No. 384062)
Bruce H. Nielson (D.C. Bar No. 414440)
1601 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 778-9000

Fax: (202) 778-9100

AND

_____
Arnold R. Rosenfeld (MA Bar No. 428860)
Naoka E. Carey (MA Bar No. 655312)
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3155
Fax: (617) 261-3175

**COUNSEL FOR PLAINTIFFS**