**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| The Armenian Assembly of America, Inc., and the Armenian Genocide Museum and Memorial, Inc., *Plaintiffs* <br><br> v. <br><br> Gerard L. Cafesjian, individually and as Trustee and President of the Armenian Genocide Museum and Memorial, Inc. and President and Director of the Cafesjian Family Foundation, Inc.; John J. Waters, Jr., individually and as Secretary/Treasurer of the Armenian Genocide Museum and Memorial, Inc., President of the TomKat Limited Partnership, and Secretary and Director of the Cafesjian Family Foundation, Inc.; The Cafesjian Family Foundation; and the TomKat Limited Partnership, <br><br> *Defendants* <br><br> ------------------------------ <br><br> Gerard L. Cafesjian, John J. Waters, Jr.; The Cafesjian Family Foundation; and The TomKat Limited Partnership, <br><br> *Counterclaim Plaintiffs* <br><br> v. <br><br> The Armenian Assembly of America, Inc., Hirair Hovnanian, and the Armenian Genocide Museum and Memorial, Inc., <br><br> *Counterclaim Defendant* | Civil File No. 1:08-cv-00255 (CKK) <br><br> Status hearing: August 27, 2008 <br><br> (10:30 a.m.) |

**JOINT LOCAL RULE 16.3 REPORT**

Plaintiffs/Counterclaim Defendants and Defendants/Counterclaim Plaintiffs (collectively the 'Parties"), having conferred by telephone and electronic mail, hereby provide this Report to the Court, in accordance with Local Rule 16.3(c). As this Report also represents the Parties' discussions

- 1 -

pertaining to Case No. 08-cv-1254 (CKK) and Case No. 07-cv-1259 (CKK), an identical copy of this Report has been filed in those cases.

1. <u>Dispositive Motions</u>:   The Parties agree that a decision on outstanding dispositive motions should not be postponed until the close of discovery.  Furthermore, the Parties agree that they may file additional dispositive motions following the conclusions of discovery.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>:   The parties do not anticipate that any additional parties will be joined.  The Parties will continue to consult in good faith throughout the litigation in an effort to agree upon and/or narrow the factual and legal issues in this case.

3. <u>Referral to a Magistrate Judge</u>:   The parties agree that the case should not be assigned to a Magistrate Judge for trial or other purposes.

4. <u>Settlement</u>:   The Parties believe that settlement of these disputes continues to be a possibility.  The parties also believe that informal settlement discussions should occur concurrently with ongoing discovery in this matter in order to avoid any further delay in the resolution of these matters.  The parties agree that there should be no further stay in the discovery if and while settlement discussions proceed.

5. <u>ADR</u>:   The Parties agree that any ADR should be held after discovery in this matter is completed.

6. <u>Summary Judgment or Motion to Dismiss</u>:   The Parties believe that all or some of the claims may be resolved by Summary Judgment and anticipate filing motions for Summary Judgment at the close of discovery.  The Parties proposed schedule for Motions for Summary Judgment is attached below under "Other Matters."

7. <u>Initial Disclosures</u>:   The Parties do not agree to dispense with the initial disclosure requirements of Rule 26(a)(1), F.R.Civ.P.

8. <u>Discovery</u>:   The Parties believe additional discovery is needed.  The Parties request that 150 days (five months) be granted for both factual and expert discovery.  The Parties suggest that all discovery be completed by February 2, 2009.  The Parties anticipate that they will be filing a joint protective order.

   The Parties agree that several key witnesses in these matters may require depositions lasting longer than one-day (or seven hours), with the goal that the depositions not exceed two days.  The parties agree to identify by September 19, 2008, any witnesses that they anticipate needing to depose for longer than two days.  The parties reserve the right to supplement that list at a later date or to object to any proposed extended depositions to the extent that they believe the additional time requested is unnecessary, unduly burdensome, or excessive.

9. <u>Expert Discovery</u>:   The Parties propose that initial disclosures be served within 80 days of the beginning of discovery, and that rebuttal expert reports be served 30 days following the close of the initial disclosure period.  In all other respects, the Parties agree to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2).

10. <u>Class Action</u>:   Not Applicable.

11. <u>Bifurcation</u>:   The Parties do not believe that discovery or trial should be bifurcated.

12. <u>Pretrial Conference</u>:   The Parties propose that the date for the pretrial conference be set within fourteen (14) days of the Court having issued a ruling on all of the Parties' dispositive motions.  The Parties suggest that the pretrial motions practice, exchange of witness lists, etc. should be discussed during the pretrial conference.

13. <u>Trial Date</u>:   The Parties propose that the trial date be set at the Pretrial Conference.

14. <u>Electronically Stored Information</u>:   In accordance with Federal Rule of Civil Procedure 26(f)(1), the Parties will submit a proposed procedure for discovery of electronically stored information once they have completed their discussions concerning this issue.

15. <u>Proposed Schedule</u>:   For the convenience of the Court and the Parties, attached is a proposed schedule for all pre-trial deadlines that the Parties have agreed upon.

| Deadline | Action |
| --- | --- |
| September 19, 2008 | Initial factual written discovery to be served. |
| November 1, 2008 | Responses to written discovery due. |
| November 1, 2008 – February 2, 2009 | Depositions to be conducted. |
| December 8, 2008 | Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| January 5, 2009 | Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| February 2, 2009 | Close of all discovery. |
| March 2, 2009 | Deadline for Motions for Summary Judgment. |
| March 23, 2009 | Deadline for responses to Motions for Summary Judgment. |
| April 6, 2009 | Deadline for replies to Motions for Summary Judgment. |
| April 13, 2009 | Deadline for surreplies to Motions for Summary Judgment. |
| April 27, 2009 | Consolidated Action Status Conference |

Respectfully submitted,

Dated:  August 20, 2008

/s
David T. Case (D.C. Bar No. 384062)
Bruce H. Nielson (D.C. Bar No. 414440)
1601 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 778-9000
Fax: (202) 778-9100

AND

/s
Arnold R. Rosenfeld (MA Bar No. 428860)
Naoka E. Carey (MA Bar No. 655312)
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3155
Fax: (617) 261-3175
arnie.rosenfeld@klgates.com
naoka.carey@klgates.com

Counsel for Plaintiffs/Counterclaim Defendants

Dated: August 20, 2008

/s
Thomas F. Cullen, Jr. (D.C. Bar No. 224733)
Nancy Berardinelli-Krantz (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700
tfcullen@jonesday.com
nbkrantz@jonesday.com

Counsel for Defendants/Counterclaim Plaintiffs